ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 19 2019
CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

v.

SANJAY NANDA

No. 3:19-MJ-077-BT

## JOINT MOTION TO CONTINUE TIME TO INDICT

The Government and the Defendant, Sanjay Nanda, jointly move the Court to continue for a period of 45 days the date by which an indictment must be filed in this case. In support of this Motion, the parties would show the Court the following:

1. The Government filed a criminal complaint against the defendant in the Northern District of Texas on January 25, 2019, alleging violations of 18 U.S.C. § 1343, wire fraud.

2. The following day, January 26, 2019, Nanda was arrested on the complaint in the Eastern District of New York when he entered the country. *See* Dkt. No. 3, at 4. Later that day Nanda appeared before a Magistrate Judge in the Eastern District of New York, who ordered Nanda released pending trial subject to a series of terms and conditions. *Id.* at 8-9.

3. The Speedy Trial Act ("the Act"), 18 U.S.C. §§ 3161 – 3174, provides that an indictment must be filed "within thirty days from the date on which [the Defendant] was arrested . . . in connection with such charges." *Id.* § 3161(b). Pursuant to the Act, then,

and taking into account any time excludable under subsection 3161(h)(1)(H), the government must file an indictment against this defendant on or before February 26, 2019. *See* Fed. R. Cr. Pro. 45(a).

4. The parties jointly request that the Court continue the date by which the government must present this case to a Grand Jury for 45 days. Defense counsel will be beginning a complex healthcare fraud trial expected to last several weeks on Monday, February 18, 2019. The parties believe that extending the § 3161(b) deadline will afford both counsel sufficient time to confirm and exchange information about the circumstances that underlie the criminal complaint to reach a plea agreement, negating the need for a grand jury indictment.

5. Granting this continuance, therefore, will be in the interest of judicial economy, serve the ends of justice, and would outweigh the interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The parties also represent that they do not make this request in an effort to unduly delay the proceedings, but, rather in an effort to insure that justice is achieved. Because the defendant's entry into the United States was not anticipated, and because of defense counsel's trial schedule, failure to grant the requested continuance would deny the parties the time necessary for effective preparation, taking into account the exercise of due diligence, *see id. § 3161(h)(7)(B)(iv)*, and return of an indictment within the 30-day period could result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

6. The defendant acknowledges that he is aware the Act affords him certain rights, including, specifically, the right under § 3161(b) to require the government to obtain and file an indictment within 30 days of the date of his arrest. He further acknowledges and confirms that, notwithstanding this provision, he knowingly and intentionally waives any right under § 3161(b) to have an indictment returned within 30 days of his arrest.

7. For the reasons set forth above, the parties respectfully request that this Court continue the date by which an indictment must be filed in this case for an additional 45 days, until on or about April 11, 2019.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

AGREED TO BY:

_____
PAUL YANOWITCH
Assistant United States Attorney

_____
EDWIN J. TOMKO
Attorney for Defendant

_____
SANJAY NANDA
Defendant

Joint Motion to Continue Time to Indictment – p. 3