IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 3:19-MJ-077-BT |
| v. | **FILED ECF** |
| SANJAY NANDA | |

### SECOND JOINT MOTION TO CONTINUE TIME TO INDICT

The Government and the Defendant, Sanjay Nanda, again jointly move the Court to continue for a period of 45 days the date by which an indictment must be filed in this case. In support of this Joint Motion, the parties would show the Court the following:

1. The Government filed a criminal complaint against the defendant in the Northern District of Texas on January 25, 2019, alleging violations of 18 U.S.C. § 1343, wire fraud.

2. The following day, January 26, 2019, Nanda was arrested on the complaint in the Eastern District of New York when he entered the country. *See* Dkt. No. 3, at 4. Later that day Nanda appeared before a Magistrate Judge in the Eastern District of New York, who ordered Nanda released pending trial subject to a series of terms and conditions. *Id.* at 8-9.

3. The Speedy Trial Act ("the Act"), 18 U.S.C. §§ 3161 – 3174, provides that an indictment must be filed "within thirty days from the date on which [the Defendant] was arrested . . . in connection with such charges." *Id.* § 3161(b). On February 19, 2019, the

parties jointly moved this Court to continue the deadline by which an indictment must be returned in this case for a period of 45 days. Joint Motion to Continue Time to Indict, Dkt. No. 4. Later that same day, this Court granted the parties' motion and continued the deadline for indictment until April 11, 2019. Order, Dkt. No. 5.

4. The parties, again, jointly request that the Court continue the date by which the government must present this case to a Grand Jury for 45 days. The parties have been working in good faith to resolve the case; among other things, the government is working to confirm information provided by the defendant that may materially affect the provisions of the plea agreement. The parties believe, therefore, that extending the § 3161(b) deadline will afford them sufficient time to complete a plea deal, negating the need for a grand jury indictment.

5. Granting this continuance, therefore, will be in the interest of judicial economy, serve the ends of justice, and would outweigh the interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). The parties also represent that they do not make this request in an effort to unduly delay the proceedings, but rather in an effort to insure that justice is achieved. Failure to grant the requested continuance would deny the parties the time necessary for effective preparation, taking into account the exercise of due diligence, *see id. § 3161(h)(7)(B)(iv)*, and return of an indictment within the time set by this Court's February 19, 2019, Order could result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

6. The defendant acknowledges that he is aware the Act affords him certain rights, including, specifically, the right under § 3161(b) to require the government to obtain and file an indictment on or before the date specified in this Court's Order dated February 19, 2019. See Dkt. No. 5. He further acknowledges and confirms that, notwithstanding this provision, he knowingly and intentionally waives any right under § 3161(b) to have an indictment returned on or before the date specified in the Court's Order.

7. For the reasons set forth above, the parties respectfully request that this Court continue the date by which an indictment must be filed in this case for an additional 45 days, until on or about May 24, 2019.

Respectfully submitted,

ERIN NEALY COX
UNITED STATES ATTORNEY

AGREED TO BY:

_____    _____
PAUL YANOWITCH                     SANJAY NANDA
Assistant United States Attorney   Defendant

_____
ROBERT R. SMITH
Attorney for Defendant

Joint Motion to Continue Time to Indictment- p. 3